JACOB H. LESHER, Appellant, *vs.* THE UNITED STATES
FIDELITY AND GUARANTY COMPANY, Appellee.

*Opinion filed April 23, 1909.*

1. PLEADING—*declaration in action at law should not anticipate
and answer defenses.* It is not in accordance with the rules of
pleading in actions at law for the plaintiff to anticipate and attempt
to answer or avoid a possible defense that may be interposed by
plea, and anything which he alleges beyond stating his cause of ac-
tion is surplusage.

2. SAME—*allegations negativing defense of limitation are sur-
plusage.* Allegations in a declaration on a bond which anticipate
and attempt to avoid the defense of limitation available under a
provision of the bond requiring suit to be brought before a certain
time are surplusage, and the fact that a demurrer to the declara-
tion is overruled does not preclude the filing of a plea setting up
the limitation in the bond as a defense, where none of the grounds
of demurrer related to the allegations of the declaration in avoid-
ance of such defense.

3. SAME—*at law defense of limitation must be specially pleaded.*
Although it may appear on the face of the declaration that the
cause of action is barred by limitation if that defense be interposed,
yet at law, if the limitation is not relied upon as a defense by plead-
ing it specially, it cannot be taken advantage of by the defendant,
and the plaintiff is not required to negative the defense, as is the
rule in chancery.

4. LIMITATIONS—*parties to a contract may fix limitation for
bringing suit.* Parties to a contract may fix a time for bringing
suit thereunder which is different from the time fixed for such ac-
tions by the general Statute of Limitations.

5. BONDS—*bonds of surety company are to be construed strictly
against the company.* A bond given by a surety company to secure
the performance of a contract by the principal is to be construed
strictly against the company in case of an ambiguity; but if there
is no ambiguity there is no room for construction.

6. SAME—*when limitation fixed in bond precludes suit.* A limi-
tation in a bond given to secure the performance of a building con-
tract, that in no event shall the surety be subject to any suit, action
or proceeding thereon instituted later than a specified date, bars a
suit, begun on a later date, to hold the surety for a default of the
principal occurring before the time fixed for beginning suit.

7. SAME—*what does not render the limitation unreasonable and void.* The fact that at the time fixed in a building contractor's bond for beginning suit thereon the extent of the damages from the contractor's failure to complete the building on time cannot be ascertained because the building is not yet finished does not render the limitation unreasonable and void, since suit may be begun at any time after the breach occurs and before the limitation expires and damages accruing both before and after the suit is brought be assessed at the trial.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county in favor of appellee, defendant below, against appellant, plaintiff below, for costs.

Appellant employed one Henry W. Schleuter to erect a building. The contract provided that Schleuter would complete the building in accordance with the specifications on or before December 15 1902, and that if he failed to do so he would become liable to appellant in the sum of $1000 per day after December 15, 1902, that the work remained incomplete, as liquidated damages. For the performance of his contract Schleuter gave appellant a bond in the sum of $50,000, with the appellee, the United States Fidelity and Guaranty Company, as his surety. The bond contained the usual conditions in such cases, and a provision as follows: "Third, that in no event shall the surety be liable for a greater sum than the penalty of this bond, or subject to any suit, action or other proceeding thereon that is instituted later than the 15th day of March, A. D. 1903." Suit was brought November 25, 1903, against both Schleuter and the appellee, but was subsequently dismissed as to the former.

The amended declaration, after setting out the building contract, to secure the performance of which the bond was given, assigned breaches of the conditions of the bond resulting from the failure to complete the building as agreed upon and alleged damages sustained by plaintiff in the sum of $10,000. The declaration concludes as follows: "And plaintiff further shows that the plaintiff on his part complied with all and singular the provisions and requirements of the said writing obligatory on his part to be kept and performed, excepting, only, that this present action by the plaintiff against the said defendant was not brought on or prior to March 15, 1903, and in respect to said provision or requirement of the said writing obligatory the plaintiff avers that the said building, which should by the terms of said contract have been completed by December 15, 1902, was not, in fact, completed for a long time, to-wit, for a period of eleven months thereafter, and that on March 15, 1903, the said building was in an uncompleted state, and the said Schleuter was still engaged in the construction thereof and in laboring in and about the same with numerous employees and sub-contractors, and that it was not known to the plaintiff at the said date, and could not have been known at the said time nor until long afterwards, to-wit, eleven months, what injury, loss or damage, if any, would be sustained by the plaintiff by reason of said breach of contract, nor whether the said Schleuter would himself indemnify and save harmless the said plaintiff from any pecuniary loss resulting from such breach of the terms, covenants and conditions of said contract, and that the said loss or damage could not have been known to the plaintiff until shortly before the time when he brought this present action, nor could the plaintiff, until the last work done or caused to be done by the said Schleuter upon the said building had been completed, have known or in any way ascertained the amount which the defendant herein ought to pay the plaintiff by virtue of the covenants and provisions of

the said instrument, nor could plaintiff by any means know or ascertain that the defendant herein would decline or refuse to make good, without suit, the amount of such loss or damage when ascertained, by reason whereof plaintiff avers that the said provision of said writing obligatory that action thereon should be brought by March 15, 1903, was unreasonable and void, and that plaintiff was not in any way bound thereby. Plaintiff therefore avers the fact to be, that by reason of the defaults and breaches of contract above herein specified the plaintiff has suffered a pecuniary loss, amounting in all to, to-wit, the sum of $50,000 above demanded, yet the defendant, although often requested, has not paid to the plaintiff the said sum of money, or any part thereof, but refuses to do so, to the damage of the plaintiff in the sum of $50,000, and therefore he brings his suit."

Appellee filed a general and special demurrer to the declaration. The court overruled the demurrer, and thereafter the appellee filed thirteen pleas. The thirteenth plea was as follows: "And for a further plea in this behalf the defendant says the plaintiff ought not to have his aforesaid action against it, the defendant, because it says that the plaintiff did not commence his said action on or before the 15th day of March, A. D. 1903, but, on the contrary thereof, commenced his said action on or about the 27th day of November, 1903, contrary to the terms and conditions of the said writing obligatory; and this the defendant is ready to verify, wherefore it prays judgment if the plaintiff ought to have his aforesaid action," etc. To this plea the appellant demurred, setting up as causes of his demurrer, "(11) the said thirteenth plea is not a sufficient plea to the said declaration, since it sets up and relies upon matters which are defenses of law alone; (12) the said thirteenth plea is not sufficient as a plea to the said declaration, since it sets up matters and things already adjudged and determined against the defendant by its demurrer to the plain-

tiff's declaration." This demurrer was overruled, and the appellant electing to abide by the demurrer, the court rendered judgment in favor of appellee for costs.

WILSON, MOORE & MCILVAINE, and EDWIN WHITE MOORE, for appellant:

Limitation, by contract, of the time to sue will not be enforced unless it is reasonable in view of all the circumstances. *Steele* v. *Insurance Co.* 51 Fed. Rep. 715; *Brown* v. *Insurance Co.* 24 Ga. 101; *Mayor* v. *Insurance Co.* 39 N. Y. 45; *Barnes* v. *McMurty,* 29 Neb. 186; 1 Wood on Limitations, sec. 101; 19 Am. & Eng. Ency. of Law, 169; 27 id. 1046; *Lewis* v. *Harbin,* 5 B. Mon. 571; *Pereles* v. *Watertown,* 6 Biss. 79; *Berry* v. *Ransdell,* 7 B. Mon. 168; *Johnson* v. *People,* 173 Ill. 127.

This stipulation should be construed strictly against the insurance company, and, so construed, does not apply to a case of delay. *Casualty Co.* v. *Hanson,* 20 Colo. App. 313; *Odd Fellows Ass.* v. *Earl,* 70 Fed. Rep. 16; *Rovich* v. *Accident Ass.* 119 id. 63; *Grant* v. *Casualty Co.* 88 Minn. 397; *Phillips* v. *Benevolent Society,* 120 Mich. 147; 2 May on Insurance, 539; *Guarantee Co.* v. *Brick Co.* 191 U. S. 426; *People* v. *Rose,* 174 Ill. 310; *People* v. *Casualty Co.* 153 id. 25.

The decision of the court on the demurrer, that the failure to sue before the date specified was no defense, became irrevocably the law of the case when appellee, instead of standing on its demurrer, obtained leave of the court to plead, and filed its plea. The question could not be raised again in any form. *Seymour* v. *Railway Co.* 44 Ohio St. 12; *Pryor* v. *Moore,* 8 Tex. 251; *Coombs* v. *Watson,* 32 Ohio St. 228; *Ilett* v. *Collins,* 163 Ill. 74; *Bell* v. *Johnson,* 111 id. 374; *People* v. *Boyd,* 132 id. 60.

The same question cannot be raised again by plea. *Nelson* v. *Lineberger,* 83 N. C. 412; *Haddock* v. *Perham,* 70 Ga. 572; *Kissinger* v. *Council Bluffs,* 73 Iowa, 191.

JUDAH, WILLARD, WOLF & REICHMANN, for appellee:

The period of limitation commenced to run from the breach of the contract and not from the accruing of the damage resulting from such breach. 19 Am. & Eng. Ency. of Law, (2d ed.) 200-202, and cases cited; *Manning* v. *Perkins,* 86 Me. 419; *Rankin* v. *Woodworth,* 3 Pen. & Watts, 48; *Madden* v. *Lancashire,* 65 Fed. Rep. 188; *Pennsylvania Co.* v. *Railway Co.* 144 Ill. 197; *Battley* v. *Faulkner,* 3 B. & A. 288; 3 Parsons on Contracts, 92; Angell on Limitations, 188; *Davis* v. *Brown,* 32 S. W. Rep. 614, and 36 id. 534; *Brown* v. *Hondlette,* 1 Fairf. 399.

Plaintiff had the right, in his action, if commenced immediately after the breach on December 16, 1902, and up to March 15, 1903, to prove and recover any damage that may have accrued, even after March 15 and down to the trial of the case. *Spear* v. *Stacey,* 26 Vt. 61.

Under section 21 of the Practice act plaintiff had the right, in his action, if commenced on December 16 and up to March 15, 1903, to recover, by writ of inquiry, any damages that might have accrued subsequent to trial and judgment. *Dent* v. *Davison,* 52 Ill. 109; *McDole* v. *McDole,* 106 id. 452.

Contractual limitations are valid and will be enforced. 19 Am. & Eng. Ency. of Law, (2d ed.) 264; *Riddlesbarger* v. *Insurance Co.* 7 Wall. 386; *Insurance Co.* v. *Whitehall,* 25 Ill. 466; *Insurance Co.* v. *Insurance Co.* 31 Pa. St. 499.

When the language in which a contract is phrased is plain and unambiguous, the court cannot construe the contractual limitation to mean one thing when it says another, without making for the parties a contract which the parties did not make. 1 May on Insurance, 172; *Insurance Co.* v. *Coos,* 159 U. S. 452; *Johnson* v. *Insurance Co.* 91 Ill. 92; *Hart* v. *Insurance Co.* 21 L. R. A. 743; *Egan* v. *Insurance Co.* 42 Pac. Rep. 950.

The contractual limitation is reasonable. *Johnson* v. *Insurance Co.* 91 Ill. 92.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant contends that by pleading to the declaration after the demurrer was overruled the appellee waived all objection to the declaration; that the sufficiency of the declaration was conclusively determined by the judgment overruling the demurrer to it, and that the question of the limitation in the contract could not again be raised by plea. In actions at law it is not in accordance with the rules of pleading for the plaintiff to anticipate and attempt to answer or avoid a possible defense that might be interposed by plea. He is only required to state his cause of complaint, and anything beyond this is surplusage. That a cause of action is barred by limitation, whether the limitation is by contract or by act of the legislature, is a defense which may or may not be interposed. Although it may appear on the face of the declaration that the cause of action is barred if that defense is interposed, yet at law, if it is not relied upon as a defense by pleading it specially, it can not be taken advantage of by the defendant, the plaintiff not being required to negative the defense in his declaration, as is the rule in chancery. If he does so, such allegations, not being necessary to the statement of his cause of action, are to be treated as surplusage, but as a general rule the declaration will not on that account be obnoxious to demurrer. (1 Chitty's Pl. 230; Stephen's Pl. 422; *Higgins* v. *Halligan*, 46 Ill. 173; *Burnap* v. *Wight*, 14 id. 301.) In *Gunton* v. *Hughes*, 181 Ill. 132, and *Wall* v. *Chesapeake and Ohio Railroad Co.* 200 id. 66, this court held that a plaintiff could not avail himself of matter in avoidance of the Statute of Limitations by pleading such matter in his declaration before the statute had been pleaded as a bar. None of the special grounds of demurrer mention or relate to the allegations of matter set up in avoidance of the limitation.

We do not think the judgment overruling the demurrer to the declaration was an adjudication that the allegations

in the declaration were a good and sufficient answer to a defense that the cause of action was barred by limitation under the contract. The proper way to have presented the sufficiency of the matter relied on in avoidance would have been by replication to the plea setting up that defense. But we are of opinion that the allegations relied on in the declaration, if they had been set up in a replication to the plea, would not have been sufficient. This is the question to which the briefs of both sides are mainly devoted.

Appellant contends that the bond of appellee is to be treated as a contract of insurance and construed strictly against the appellee. This position is correct. This court is committed to the rule that where a contract of insurance leaves room for construction, courts are inclined against the construction that will impair the indemnity. If the contract is susceptible of two interpretations, the interpretation most favorable to the assured will be adopted. (*Terwilliger* v. *Masonic Accident Ass.* 197 Ill. 9, and cases there cited.) Here, however, there is no ambiguity. The language used is as clear, plain and definite as the English language is capable of making it. It is: "That in no event shall the surety be liable for a greater sum than the penalty of this bond, or subject to any suit, action or other proceeding thereon that is instituted later than the 15th day of March, A. D. 1903." No room is left for construction.

*Johnson* v. *Humboldt Ins. Co.* 91 Ill. 92, was an action on a fire insurance policy. The policy contained a provision that the loss or damage was payable sixty days after due notice and proof made by the assured and received at the company's office. It also contained a provision that no suit should be sustainable until after an award fixing the amount of the claim in the manner provided in the policy nor unless such suit "shall be commenced within twelve months next after the loss shall occur," and it was further provided that if suit was begun after the expiration of twelve months, the lapse of time should be deemed con-

clusive against the validity of the claim. The fire produc-
ing the loss occurred July 14, 1874, and proofs of loss, to
which no objections were made, were furnished July 21,
1874. Suit was not commenced until September 13, 1875.
This was more than one year after the fire occurred but
less than twelve months after the expiration of the sixty
days provided for making proofs of loss. The insured con-
tended that the limitation did not begin to run until the
expiration of the said sixty days for making proofs. The
insurance company contended that it began to run from
the time of the fire. The court said, on pages 94 and 95:
"All persons know that in giving force to laws and con-
tracts of every description the intention as therein expressed
must govern. That intention must and can only be sought
in the language employed in the instrument itself and from
the ordinary or popular meaning of the words themselves,
unless it is apparent they are used in a technical or par-
ticular sense. According to these rules we are wholly un-
able to perceive how the meaning of this language can be
misunderstood or that different persons could arrive at other
than one conclusion by simply reading the clause. The
words are plain, simple, and have a well understood and
accepted meaning. There can be no equivocal or doubtful
definition attached to them, either separately or in their
grammatical arrangement. * * * It is, however, insisted
the clause in the policy that the loss was to be paid sixty
days after due notice and proof of the same should be made
by the assured and received at the office of the company,
limits and controls the after-inserted condition prohibiting
the bringing of an action more than twelve months after
the loss should occur. We are unable to perceive that it
controls this condition. If either has that effect, it would
seem the latter controls the former. The two clauses, con-
sidered together, obviously provide that the company shall
have sixty days within which to make payment after notice
and proof of loss, but in no event should a suit or action

be commenced after the expiration of twelve months from the date of the fire producing the loss. Any other meaning attached to the language, it seems to us, would be strained, unreasonable, and in direct violation of the plain intention of the parties, clearly expressed." It was recognized in that case that there were decisions by courts in other jurisdictions adopting a different rule, but this court declined to follow them.

The Supreme Court of Wisconsin, in *Hart* v. *Citizens' Ins. Co.* 21 L. R. A. 743, adopts the same rule announced in the *Johnson case,* and cites numerous cases supporting the decision as well as cases adopting a contrary rule. After stating the reasoning of the cases holding the contrary view the Supreme Court of Wisconsin said: "We cannot assent to this line of reasoning. It does violence to plain words. It smacks too strongly of making a contract which the parties did not make. It construes where there is no room for construction. Plain, unambiguous words which can have but one meaning are not subject to construction. 'Twelve months next after the fire' has one certain meaning, and but one. It can have no other."

If there was no room left for construction in the *Johnson case* there certainly can be none in this case.

Appellant further contends that the clause limiting the right to bring suit to March 15, 1903, is unreasonable, and on that ground should be held invalid and void. It is not denied that the parties to a contract may fix a different time within which suit may be brought thereunder from that fixed by the general Statute of Limitations. The argument made in support of this last contention of appellant is, that the time limited for bringing suit expired several months before the building was completed; that appellant could not know the amount and extent of his damages resulting from failure to comply with the contract until the building was completed, and the provision that required him to bring suit before that time, if binding, defeated the object for

which the bond was given and was therefore unreasonable and invalid; also, that appellant could not know until the time arrived at which all his damages were ascertainable, that Schleuter would not pay them. The period of limitation began to run from the breach of the contract, which was the failure of Schleuter to complete the building December 15, 1902, and a right of action accrued to appellant at that time. He might at any time thereafter, before March 15, 1903, have instituted suit on the bond and have had his damages assessed at the amount that had accrued up to the time of the trial, whether such damages accrued before or after March 15. The bond did not limit the liability of the appellee to such damages as accrued prior to March 15 resulting from the failure to comply with the contract, but only required that suit be brought before that date.

Section 35 of the Practice act is as follows: "In actions brought on penal bonds, conditioned for the performance of covenant, the plaintiff shall set out the conditions thereof, and may assign in his declaration as many breaches as he may think fit; and the jury, whether on trial of the issue or of inquiry, shall assess the damages for so many breaches as the plaintiff shall prove, and the judgment for the penalty shall stand as a security for such other breaches as may afterwards happen, and the plaintiff may, at any (time) afterwards, sue out a writ of inquiry to assess damages for the breach of any covenant or covenants contained in such bond, subsequent to the former trial or inquiry; and whenever execution shall be issued on such judgment, the clerk shall endorse thereon the amount of damages assessed by the jury, with the costs of suit, and the sheriff or coroner shall only collect the amount so endorsed: *Provided,* that in all cases where a writ of inquiry of damages shall be issued for any such breaches, subsequent to the first trial or inquiry, the defendant, or his agent or attorney, shall have at least ten days' notice, in writing, of the time of executing the same."

In *Dent* v. *Davison,* 52 Ill. 109, the bond sued on was conditioned that the obligors should, before the 26th day of August, 1866, pay all debts contracted by the firm of E. D. Davison & Co. for goods had to the use of the firm, obtained in the name of A. D. Addis & Co., and all collections made by Davison and Addis or Addis & Co., and it was provided that should default be made in the payments, or any part thereof, on the day named, then the sum of $3000 should, at the option of Ezra D. Davison, become payable immediately thereafter. Addis and Davison had been partners in business and Addis purchased Davison's interest therein. Addis was to pay the debts of the firm, and the bond was given by him to secure the performance of his agreement to pay said firm debts. He failed to pay them within the time limited and Davison brought suit on the bond. At the first trial Davison failed to prove he had paid and discharged any of the indebtedness the bond bound Addis to pay, and a recovery was had in favor of Davison for the amount of the penalty of the bond and one cent damages. Afterwards Davison filed suggestions of further breaches of the bond which occurred after the recovery of the judgment mentioned. To this assignment of breaches the surety on the bond filed a demurrer, and contended that the damages growing out of the breach of the bond were entire, should have been assessed on the first trial and could not be split up into several recoveries. The court held that Davison, not having paid the debts of the firm before the first trial, had a right to recover only for a technical breach and that his damage was properly assessed at one cent. The court further held that under what was then the 18th but is now the 35th section of the Practice act, Davison had a right to assign further breaches for any damage sustained after the suit was brought, and said (p. 112): "The breach by a failure of Addis to pay, only, in contemplation of law, produced a nominal injury. Appellee only sustained substantial dam-

age when he paid the debts. It was then, and only then, that he had a right to recover more than for a technical breach; and on each payment made by appellee on the debts against the firm a new breach occurred and a new cause of action arose, and a right of recovery equal to the amount paid. On the first recovery appellee had not been damnified, and until he was he could not recover substantial damages. The first recovery was therefore correct, and under the statute the judgment stood as a security for any sums appellee might subsequently pay on the debts of the firm which Addis had covenanted to pay and discharge. From the evidence introduced on the assessment it appears that all of the payments made by the appellee were after the suit was brought, and hence no portion of the amount found on the assessment of damages was barred by the first recovery. The suit was brought to the August term, 1867, and the proof shows that the first payment by appellee was made in the following month of November. It follows that the finding in the court below was correct and the judgment of the circuit court must be affirmed." To the same effect is *McDole* v. *McDole,* 106 Ill. 452.

It is clear from these decisions that the appellant had a complete and adequate remedy for the recovery of all damages sustained by him on account of the breach of the contract for the erection of his building notwithstanding all damages sustained might not have accrued within the time he was required to bring his action. Under such circumstances it cannot be said the provision requiring him to bring suit before March 15, 1903, was unreasonable and invalid.

In our opinion there is no error in this record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*