### Western Tube Company, Appellant, v. Aetna Indemnity Company, Appellee.

### Gen. No. 17,222.

1. INSURANCE—*construction of contracts.* Insurance contracts must be strictly construed against the insurance company.

2. LIMITATIONS—*where bond places limit on time to sue.* Where a bond given for the performance of a contract to erect a building contains a provision that any action thereon "must be instituted within

six months after the completion of the work'' such provision is binding.

3. BONDS—*when limitation clause applies to whole bond.* Where a bond given for the performance of a contract to erect a building contains a provision that any action thereon ''must be instituted within six months after the completion of the work'' such limitation applies to the whole bond.

4. BONDS—*under section 35 of Practice Act.* Under section 35 of the Practice Act an action on a bond containing a limitation clause should be brought before the limitation expires though the damages may not be fully accrued and determinable.

5. LIMITATIONS—*where evidence does not show waiver of right to set up defense.* In an action on a bond containing a limitation clause evidence *held* insufficient to show that defendant held out hopes of settlement or induced plaintiff to delay the suit until the limitation expired.

Appeal from the Superior Court of Cook county; the HON. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed June 30, 1913.

KNAPP & CAMPBELL and CHARLES P. SCHWARTZ, for appellant.

FASSETT & ANDREWS, for appellee.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

Judgment was rendered on demurrers to two replications in this case in favor of the Aetna Indemnity Company against the Western Tube Company, and the latter elected to stand by its replications and prosecuted this appeal.

Appellant, in October, 1909, declared upon a bond signed by appellee as surety, the conditions of which were that Matthews & McMullen, principals in the bond, should faithfully perform a contract for the erection of an office building for appellant at Kewanee, Illinois, dated June 28, 1905; and the contract provided that the building should be completed by December 1, 1905, under a per diem penalty for delay beyond that date. The bond provided that the obligee, as damages, ''may include the claims of mechanics and material

men arising out of the performance of the contract, and paid by him only when the same, by the statutes of the state where the contract is to be performed, are valid liens against the property.'' And further provided: ''If any suits at law or proceedings in equity are brought against said surety to recover any claim hereunder, the same must be instituted within six months after the completion of the work specified in said contract.'' The declaration alleged that the building was not completed by December 1, 1905, as contracted, but that it was completed and accepted April 16, 1906; that the construction company then furnished appellant with a sworn statement of parties having furnished materials and labor for the construction of said building and that there was a large amount due to such lien claimants from the contractors after appellant had paid on said claims all it owed the contractors; that said claims were litigated in the Circuit, Appellate and Supreme courts of this state by appellant and on July 30, 1909, final decrees were rendered against appellant and its building for sub-contractors' liens and were paid by appellant in September, 1909, in the total sum of $2,757.04, of all of which appellee had due and timely notice with requests to defend said suits and to repay said sum to appellant, and yet it refused so to do.

Appellee pleaded in bar by its third plea that this suit was not brought within six months after the completion of the work specified in the contract. To this plea appellant filed the two replications to which the court sustained demurrers by appellee, the replications being, in substance, to wit: (1) that there were some suits for liens against the building pending at the time that the limitation expired which appellant was subsequently compelled to pay, and that appellant did not and could not know what damages could be assessed against the bond, until the amounts due in the lien suits had been established; (2) that certain sub-

CHICAGO—FIRST DISTRICT—JUNE, 1913.     595

· Western Tube Co. v. Aetna Indemnity Co., 181 Ill. App. 592.

contractors on the job had given an indemnity to appellee and that those parties were really defending this suit.

Appellant in its argument has abandoned its assignment of errors as to the sustaining of the demurrer to the second replication to said plea, and has, therefore, waived consideration thereof by this court. In its contention as to the other replication to the plea of the statute of limitations and as to said plea, it asserts that the limitation clause in question does not expressly bar the action upon the bond, and that as the bond is an insurance contract the limitation clause cannot be construed as barring any action on the bond. It is the law that insurance contracts must be strictly construed against the insurance company. The clause in question, however, plainly provides that, "If any suits at law or proceedings in equity are brought against said surety to recover any claim hereunder, the same must be instituted within six months," etc. It was averred in the declaration and in the third plea that the building was not completed until April 16, 1906, more than four months after the time limit, or more than four months after the breach of that covenant, when appellant's cause of action accrued. There is no room for two interpretations to the limitation clause, and there is, therefore, no ambiguity. The plain meaning of that clause is that if appellant brought any suit whatever on the bond in question, it must do so within six months after the completion of the contract work. This provision cannot be construed as mere advice to appellant as to when it should sue, without doing violence to the plain meaning of the contract. It bound it to sue, if it sued at all, within the six months named in the provision. *Johnson v. Humboldt Ins. Co.,* 91 Ill. 92; *Hart v. Citizens' Ins. Co.,* 86 Wis. 77, 21 L. R. A. 743.

It is also argued by appellant that the limitation clause barred a recovery on the bond before any breach thereof, and that, therefore, it is unreasonable and

invalid. It is already shown that the pleadings disclosed that the first breach of the bond occurred when the building was not completed within the time limit of the contract, and the per diem penalty then began to accrue and continued to accrue up to April 16, 1906, and that suit was not begun until more than three years after the work was completed, or more than three years after the entire per diem penalty had fully accrued. Appellant's cause of action, therefore, accrued for that breach long before the limitation clause had run, more than ten months, in fact.

It is also argued that upon a proper construction of the bond the limitation clause does not apply to the lien covenant in question, the one appellant says he is really suing on in this case. We cannot assent to this proposition. The six months' limitation clause applies to the whole bond, and any suit on the bond for any breach thereof under that clause was barred unless brought within the six months specified, as a cause of action had accrued on the bond for the first breach before the limitation expired. The case of *Lesher v. U. S. Fidelity Co.*, 239 Ill. 502, a case very similar to the one at bar, is decisive, as we regard it, of every question raised by appellant on this appeal. The Supreme Court in that case holds, in substance, that a cause of action on such a bond to secure performance of a building contract, accrues when the first default of the principal in the bond occurs; that such a limitation bars a suit begun after the limitation expires to hold the surety for a default of the principal occurring before the limit fixed for beginning suit; and that under section 35 of our Practice Act a suit should be begun within the time fixed therefor for default occurring before the limitation expires, even for the first default, although the damages for such default may not be fully accrued and determinable and are then merely nominal. Under said section 35 the first recovery of the full penalty on such a bond stands as a security

for any substantial damages that may accrue to the plaintiff after the suit on the bond, and suggestions for the full damages by reason of the first default, and for all further defaults and substantial damages, may be filed by the plaintiff after the recovery of the penalty of the bond, until all damages suffered by plaintiff are recovered, not exceeding the full amount of the penalty recovered in the first instance. If no substantial damages have accrued by the first breach of the bond when suit is first brought, the damages in such suit assessed should be merely nominal.

There is nothing substantial in the claim that appellee had waived the right to defend against the lien clause of the bond. There is no evidence to support the contention that appellee held out hopes of amicable adjustment to appellant and thereby induced it to its prejudice to delay the suit until the limitation expired. Mere silence or refusal to answer letters, or an answer that appellee will investigate the matter and inform appellee of its conclusions later, is not sufficient to establish such a waiver. Such acts should rather induce the belief that no suit or settlement would be availing if brought after the time the limitation should expire, and that the delay would be taken advantage of by the party so acting.

The judgment of the court is affirmed.

*Judgment affirmed.*

MR. JUSTICE GRAVES took no part in the consideration or decision of said cause.