American T. C. & C. Co. v. Bankers Surety Co., 199 Ill. App. 545.

## American Terra Cotta & Ceramic Company, Appellant, v. Bankers Surety Company, Appellee.

### Gen. No. 21,294.

1. CONTRACTS, § 171*—*when effect given to all clauses of.* Effect must be given to all the clauses of a contract, if it can be done.

2. CONTRACTS, § 196*—*when written provisions in prevail over printed provisions.* Although the written provision of a contract should prevail over one inconsistent, and which is part of a printed form adopted for general use, yet only so far as it is apparent that the parties intended to modify or disregard the printed stipulations will the latter give way.

3. PRINCIPAL AND SURETY, § 44*—*what does not constitute waiver of provision in bond to commence suit within stipulated time.* The fact that a surety company makes a demand on a building contractor for the payment of the annual premium on the bond for the ensuing year· after the time limited for the commencement · of a suit on the bond does not constitute a waiver of the requirement to commence suit within such period where the person furnishing material has no knowledge of such demand, and he is not prejudiced thereby.

4. PRINCIPAL AND SURETY, § 44*—*when surety does not waive defenses to action on bond.* A surety on a building construction bond does not waive all of its defenses by its denial, in a letter to a materialman, of any liability where the materialman is not misled or influenced to his injury thereby.

5. PRINCIPAL AND SURETY, § 44*—*when suit barred on building construction bond.* Where a building construction bond provides that suits must be brought to recover any claim thereunder within a specified time after the first breach of the contract, a suit by a materialman is barred when not commenced within the time prescribed after judgment is obtained against the contractor.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed June 1, 1916. Rehearing denied June 13, 1916.

**Statement by the Court.** Suit was commenced in the Municipal Court of Chicago by the American Terra Cotta & Ceramic Company (hereinafter known as the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CXCIX 35

546    APPELLATE COURTS OF ILLINOIS.

American T.· C. & C. Co. v. Bankers Surety Co., 199 Ill. App. 545.

Terra Cotta Company) against the Bankers Surety Company, to recover for an alleged forfeiture on its surety bond given to secure payment of material furnished by the Terra Cotta Company to the Oliver Sollitt Company. There was a trial by jury, and at the close of plaintiff's testimony the court directed a verdict finding the issues for the defendant and upon such verdict judgment for costs was entered against plaintiff (appellant here).

The surety bond in question, which was in part written and in part printed, provided that the obligors, the Sollitt Company, and the Surety Company, respectively, were indebted to the Terra Cotta Company in the penal sum of $39,000, and that the Sollitt Company had entered into a written contract by the terms of which the Terra Cotta Company had agreed to furnish architectural terra cotta for the completion of the Birmingham Terminal Station, and that the Sollitt Company had agreed to pay $39,000 in monthly instalments payable on the 25th day of each month, the value of so much of the terra cotta as had been delivered before the 10th day of such month. The surety bond further provided that in the event the Terra Cotta Company furnished the material and the Sollitt Company paid for same as provided in said contract, then such bond was to be null and void, otherwise to remain in full force. The Terra Cotta Company made its first shipment August 23, 1906, and its last shipment September 16, 1907, which shipments included all of the terra cotta provided for in said contract. The first payment for said terra cotta was due plaintiff on September 25, 1906 (and was not paid), at which time it alleges the Sollitt Company first breached its contract. All of the terra cotta in question was used in the construction of said passenger railway station. The Sollitt Company declined to make payment for such terra cotta, claiming same was defective, and plaintiff has never received payment therefor, except

American T. C. & C. Co. v. Bankers Surety Co., 199 Ill. App. 545.

the sum of $3,138.22, the amount expended by plaintiff for freight charges thereon.

It is not clearly established by the evidence whether certain promissory notes aggregating the sum of $35,000 were given by the Sollitt Company to plaintiff as accommodation paper or as payment for the terra cotta in question. All of said notes were paid with money furnished by plaintiff. The Sollitt Company ceased doing business in 1909.

The home office of the Bankers Surety Company, defendant, is Cleveland, Ohio. The Terra Cotta Company, commencing about October 1, 1906, and frequently thereafter, covering a period of nearly five years, informed the Chicago representative of the Surety Company that plaintiff was unable to obtain any money from the Sollitt Company under said contract. During such period, there was also much correspondence between the Terra Cotta Company and the Surety Company relative to the Sollitt Company's failure to make payment to plaintiff for the material furnished. In June, 1910, suit was brought by plaintiff against the Sollitt Company to determine the dispute as to the quality of the terra cotta, resulting in a finding of the issues in favor of plaintiff and judgment against the Sollitt Company for $49,351.37 and costs, entered December 27, 1910. Execution was issued on such judgment, which execution was returned *nulla bona,* and no part of such judgment has been satisfied. Prior to the commencement of such suit, viz., March 7, 1910, plaintiff's attorney addressed a letter to the Surety Company and its agent, which is in part as follows: " * * * Unless I hear from you at once, I shall institute suit to recover the damages which the American Terra Cotta & Ceramic Company has sustained through your breach of contract." On July 1, 1911, more than six months after the entry of such judgment against the Sollitt Company and nearly fifteen months

548        APPELLATE COURTS OF ILLINOIS.

American T. C. & C. Co. v. Bankers Surety Co., 199 Ill. App. 545.

subsequent to the date of such letter, the instant suit was commenced.

CHILDS & CHILDS, THORNTON & CHANCELLOR and EDWARD F. DUNNE, JR., for appellant.

GUSTAV E. BEERLY and JOHN F. DAMMANN, JR., for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

The surety bond contained the following provision: " * * * That any suits at law * * * brought against this bond, to recover any claim hereunder, must be instituted within six months after the first breach of said contract, * * *."

In view of the conclusion reached by this court, it will be only necessary to consider the foregoing limitation in said bond.

Plaintiff contends that the printed provisions in said bond, including the limitation provision in question, are inapplicable to the contract entered into by plaintiff and the Sollitt Company. In this regard, plaintiff contends that the written provisions of the bond should prevail over the printed provisions. While it is true that the printed provisions, other than the limitation provision, of said bond are inapplicable to the contract between plaintiff and the Sollitt Company, the limitation provision is not inconsistent therewith. It is a familiar rule of construction that effect must be given to all clauses of a contract, if it can be done. "Although the written provision of a contract should prevail over one inconsistent with it, and which is part of a printed form adopted for general use, yet only so far as it is apparent that the parties intended to modify or disregard the printed stipulations will the latter give way." Ruling Case Law, vol. 6, page 848; *Peck v. Scoville Mfg. Co.*, 43 Ill. App. 360.

On October 1, 1908, the surety company by letter made a demand upon the Sollitt Company for payment of the annual premium on the surety bond in question for the ensuing year. It is contended by plaintiff that such demand constituted a waiver of the requirement to commence suit under said bond within six months after the first breach of the contract by the Sollitt Company. There is no evidence, however, that the plaintiff had knowledge of such demand, nor that it was, in any manner, prejudiced thereby.

It is also contended by plaintiff that defendant, by its denial, in a letter, of any liability, whatever, on the bond, waived all of its defenses. The defendant was not restricted in its defense because of its general denial of liability on the bond in question, as it does not appear that plaintiff had been misled or influenced to its injury thereby. *Weston v. State Mutual Life Assurance Co.*, 234 Ill. 492, 501.

The defendant contends that the Sollitt Company first breached its contract with plaintiff in September, 1906, and plaintiff impliedly admitted on June 15, 1909, that said contract had been breached by the Sollitt Company in a letter sent by it to defendant on that date, in which letter it informed defendant that plaintiff looked to it for performance of its obligation under said bond. In any event, the breach by the Sollitt Company was established by the judgment rendered in favor of the plaintiff and against the Sollitt Company on December 27, 1910. The instant case was not commenced within six months thereafter. In the case of *Western Tube Co. v. Aetna Indemnity Co.*, 181 Ill. App. 592, in which a similar limitation clause of the surety bond was in question, the court held that the six months' limitation clause applied to the whole bond, and any suit on the bond for any breach thereof under that clause was barred unless brought within the six months specified. "The appellees herein had a legal right to limit their liability to any time in their

undertaking, and when they did so, the limitation became a part of the contract of indemnity and should be enforced the same as any other contract.'' *Brown v. Massachusetts Bonding & Insurance Co.*, 176 Ill. App. 502, 505; *Lesher v. United States Fidelity Co.*, 239 Ill. 502, 511.

There is no conflict in the evidence that the Sollitt Company first breached its contract with plaintiff more than six months prior to the commencement of suit in the instant case, and there is nothing in this record that can be construed as a waiver by defendant of the limitation provision which required plaintiff to commence suit upon said bond within six months thereafter. The court did not err in ruling that this suit could not be maintained because it was brought outside of the limitation period provided in the bond, and the trial court was therefore justified in directing a verdict on that ground in favor of defendant.

For the reasons stated, the judgment of the Municipal Court will be affirmed.

*Judgment affirmed.*