CAMELOT EXCAVATING COMPANY, INC v ST PAUL FIRE &
MARINE INSURANCE COMPANY

Docket No. 78-1428. Submitted December 13, 1978, at Detroit.—Decided March 20, 1979. Leave to appeal granted, 406 Mich 1009.

Camelot Excavating Company, Inc., was a subcontractor on a construction project in which Priestly Contracting, Inc. was the general contractor. Priestly had entered into a surety bond agreement with St. Paul Fire and Marine Insurance Company. Priestly ceased work on the project, and Camelot attempted to collect sums still owing from Priestly. Camelot was not fully compensated, and it brought an action against St. Paul Fire and Marine, as surety, for the amount still owing. St. Paul Fire and Marine brought a third-party action against Priestly Contracting, Darrell G. Priestly, and Charles L. Langs for indemnification, and filed a motion for accelerated judgment, alleging that Camelot's claim was barred by a provision in the payment bond which limited claims to one year from the time work on the construction project ceased. The motion was denied on the basis that the limitation provision was ambiguous and that limitation periods shorter than the general six-year statutory period are not favored. Ultimately, Camelot was granted a summary judgment on its claim, Wayne Circuit Court, Horace W. Gilmore, J. St. Paul Fire and Marine appeals both the summary judgment and the denial of its motion for accelerated judgment. *Held:*

The contractual limitation provision is not ambiguous, and such limitations on claims are valid, enforceable, and in accord with public policy. In addition, the fact that Camelot is a third party to the surety contract does not make it unreasonable to enforce the limitation. The trial court's holding that the limitation was ambiguous was erroneous, as was the grant of summary judgment based on that holding.

Reversed and remanded.

1. CONTRACTS — BONDS — PRIVATE CONSTRUCTION BONDS — LIMITATION OF ACTIONS.

Michigan statutes contain no express prohibition of a contractual

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contractors' Bonds § 124.

limitation on suits pursuant to a private construction bond; such limitations on claims against private sureties are valid, enforceable, and in accord with public policy.

2. CONTRACTS — BONDS — PRIVATE CONSTRUCTION BONDS — SURETIES — LIMITATION OF ACTIONS — THIRD PARTIES.

No distinction should be made between the immediate parties to a private construction bond which contains a limitation on the time within which an action on the bond may be brought and a third party seeking recovery on the bond from a surety; both are bound by the contractual limitation.

*Richard A. Lenter,* for plaintiff.

*Landau, Hoffert, Shatzman & Litt, P.C.,* for defendant.

Before: DANHOF, C.J., and R. M. MAHER and D. C. RILEY, JJ.

DANHOF, C.J. This is an action by a subcontractor against a surety for payment pursuant to a private labor and materials payment bond. On April 8, 1973, Priestly Contracting, Inc., the general contractor for a private construction project, and defendant surety signed the bond in question. Priestly Contracting thereafter subcontracted work to plaintiff. However, Priestly Contracting permanently ceased work on the construction project in April, 1974, leaving sums still owing to plaintiff.

Plaintiff filed a complaint against defendant surety on August 26, 1976.[1] Defendant filed a motion for accelerated judgment, alleging that plaintiff's claim was time barred by the following provision of the bond:

---

[1] Plaintiff also filed a suit for payment against the general contractor, and obtained a default judgment for $18,848 with costs and interest on July 6, 1977, which has not been paid.

"No suit or action shall be commenced hereunder by any claimant:

\* \* \*

"After the expiration of one (1) year following the date on which Principal ceased work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law."

The trial court ruled that the language of the above provision was ambiguous, and that it could be construed to require interpolation of the general statutory six-year period of limitations for contract actions.[2] MCL 600.5807(8); MSA 27A.5807(8),MCL 600.5813; MSA 27A.5813. Commenting further that shorter limitations on contractual actions are not to be favorably regarded, the trial court denied defendant's motion. Plaintiff was ultimately granted summary judgment under GCR 1963, 117.2(3) on its claim for payment pursuant to the bond. Defendant appeals from both dispositions.

We conclude that the trial court erred in ruling that the wording of the disputed contractual limitation clause is ambiguous. On the contrary, the bond clearly provides that suits thereunder must be brought within one year of the date on which the principal ceases work on the project covered, unless the controlling state law *prohibits* such a contractual limitation on suits pursuant to a private construction bond. Michigan statutory law contains no such express prohibition.[3]

Furthermore, Michigan precedent has condoned

[2] See 21 Michigan Law & Practice, Suretyship, § 44, p 230.

[3] By contrast, MCL 570.104; MSA 26.324 specifically provides that a suit pursuant to a public works bond must be brought within one year after the completion and acceptance of the project.

such contractual limitations on claims against private sureties, holding them to be valid, enforceable, and in accord with public policy. As the Michigan Supreme Court stated in *Commissioner of Insurance v Central West Casualty Co*, 301 Mich 427, 432; 3 NW2d 830 (1942):

"A statutory bond is one commanded or provided by statute. In such a bond, the existing law becomes a part of the bond, omitted conditions required by law are read into the bond and conditions contrary to the law are read out of it. The doctrine of 'what is omitted will be read in and what is in conflict will be read out' applies only to bonds required by statute. In such a bond the general statute of limitations becomes a part of the bond. *In a common-law bond the parties may provide for a shorter time for bringing suit than is provided by the statute of limitations and, in general, are bound by their agreement.*" (Emphasis supplied.)

*Forest Twp v American Bonding Co of Baltimore*, 187 Mich 657; 154 NW 26 (1915), *Ladies of the Modern Maccabees v Illinois Surety Co*, 196 Mich 27; 163 NW 7 (1917).[4] See also more generally, *Bashans v Metro Mutual Ins Co*, 369 Mich 141; 119 NW2d 622 (1963), *Board of Governors of Wayne State University v Building Systems Housing Corp*, 62 Mich App 77, 85; 233 NW2d 195 (1975), *Fulton v Citizens Mutual Ins Co*, 62 Mich App 600; 233 NW2d 820 (1975).[5]

Thus, unless defendant is for some reason estop-

[4] Accord, *e.g., Gossen v Indemnity Ins Co of North America*, 234 F2d 463 (CA 6, 1956); 12 Am Jur 2d, Bonds, § 37, p 503.

[5] The trial judge recognized that a private surety may limit its contractual liability to claimants to a period shorter than the otherwise applicable statute of limitations, but concluded that such foreshortening of liability was to be unfavorably viewed. The cited Michigan cases do not support this conclusion. If the parties to a private surety or insurance contract clearly agree to a time restriction on the commencement of actions, the courts generally enforce it without reluctance.

ped from asserting the one-year limitation on plaintiff's suit pursuant to the bond or unless plaintiff can show that Priestly Contracting did not cease work on the project in April, 1974, plaintiff's claim is time barred.

But plaintiff insists that a distinction must be made between the immediate parties to a contract, who should be bound by any limiting contractual provisions to which they agreed, and third parties seeking recovery under the surety contract, against whom it would be unreasonable to enforce the contractual limitation.[6] We find the distinction unpersuasive in the context of this private construction bond. There is nothing unreasonable about requiring a subcontractor to investigate its right to payment within one year after the general contractor has abandoned the project. It would furthermore be totally incongruous to hold that plaintiff herein has six years within which to commence suit on a private bond, when other claimants must by statute press their suits pursuant to a required public bond within one year of the completion and acceptance of a public works project. MCL 570.104; MSA 26.324.

The trial court erred in holding that the contractual limitation on bringing suit pursuant to the bond was ambiguous, and in granting plaintiff's motion for summary judgment on the grounds of that erroneous ruling.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[6] To this end, plaintiff also asks us to examine precedent from other states. However, as one of the cases relied upon by plaintiff concludes:

"The cases from other states are in hopeless conflict. Some hold that such contractual provisions are binding on the insured third person, while others hold that they are not. Some of them turn upon the wording of particular statutes or policies. No useful purpose would be served by citing or discussing these cases." *Olds v General Accident Fire & Life Assurance Corp*, 67 Cal App 2d 812; 155 P2d 676, 683 (1945).