HARRY OLSEN *vs.* CITY OF FALL RIVER.

Bristol. October 25, 1926. — November 24, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Res Judicata. Civil Service. Veteran.*

Issues of law and fact, raised and determined in favor of the petitioner at the hearing of a petition for a writ of mandamus when a writ is issued requiring the reinstatement of a veteran employed by a city under the civil service, cannot be called in question, attacked or contradicted in an action of contract by the veteran against the city for wages unpaid during the period of his suspension, adjudged unlawful in the mandamus proceedings, so long as the judgment in those proceedings remains unrevoked.

CONTRACT for wages alleged to be due for a period during which the plaintiff was unlawfully suspended from work by the defendant. Writ dated March 1, 1926.

In the Superior Court, the action was heard by *Walsh,* J., without a jury. Material facts are stated in the opinion. There was a finding for the plaintiff in the sum of $2,398.83. The defendant alleged exceptions.

The case was submitted on briefs.

*C. W. Donovan,* City Solicitor, for the defendant.

*T. C. Crowther,* for the plaintiff.

PIERCE, J. This is an action of contract brought against the city of Fall River to recover certain wages which the plaintiff would have received if he had been employed

continuously from December 17, 1924, to the date of his writ. It is agreed between the parties that:

"(1) The plaintiff is a veteran within the meaning of the civil service statutes and the rules of the Commonwealth and was duly registered in the classified list of the public service of the Commonwealth, and duly certified and permanently employed as an engineer in the street department of the city of Fall River September 30, 1919.

"(2) The plaintiff continued in said employment until September 30, 1924, when he was suspended from the service of said city and its said department without written notice and a hearing provided for in G. L. c. 31, § 26.

"(3) Thereafter upon order of the Supreme Judicial Court, a peremptory writ of mandamus was issued on December 5, 1924, ordering that the petitioner be reinstated in his employment and he was so reinstated.

"(4) On December 17, 1924, the plaintiff was again suspended after notice and a hearing on the alleged ground that there was a lack of funds to continue his employment.

"(5) Thereafter others who are not veterans were employed in said street department as engineers, performing the same class of work for which the plaintiff was employed and which he was ready and willing and competent to perform.

"(6) Thereafter upon a petition for a writ of mandamus, filed October 10, 1925, to compel the respondents to recognize the petitioner's right to preference in employment as a veteran as aforesaid, the Supreme Judicial Court ordered said writ to issue October 20, 1925, 'commanding the defendants to employ the petitioner in the labor service of the city of Fall River as nearly as possible in continuous employment as engineer, so long as he is able to do the work, whenever the occasion for the work occurs and so long as it continues, in preference to other employees in the same class of work who are not veterans.' No appeal was taken from this order.

"(7) On December 8, 1925, the defendants having failed to comply with the order of the court, a petition for attachment for contempt was filed and an order of notice to show cause was issued.

"(8) Upon a hearing of the same on December 15, 1925, before Mr. Justice Carroll, the respondents were again ordered to reinstate the petitioner and to comply with the said writ of mandamus.

"(9) The plaintiff was thereafter on December 18, 1925, reinstated in his said employment and again suspended December 29, 1925, 'for the (alleged) reason that the funds of the department are exhausted and that there is no available work.'

"(10) During the different times when the plaintiff was suspended, others who are not veterans have been continuously employed, and still are, as engineers in said department, performing the same class of work for which the plaintiff was employed and which he was able, ready, and competent to perform.

"(11) The plaintiff has since been refused employment in said department although he has requested it and there was work to be done there of the kind for which he was employed and which he was able, ready, and competent to perform.

"(12) The plaintiff is eligible for employment under the civil service laws and rules of the civil service commission, and has never waived his rights to employment aforesaid as a veteran."

"There was evidence which was uncontradicted that the plaintiff exercised proper diligence in seeking employment elsewhere and that he earned the sum of $644 at other employment during the times he was suspended."

At the jury waived trial in the Superior Court the defendant requested and the judge refused, subject to the exception of the defendant, the following rulings:

"1. There is no preference for reinstatement to employment under Veterans' Preference Act, so called.

"2. There is no preference for employment under the veterans' preference act, so called."

The judge was clearly right. The defendant was bound as to the law applicable to this particular employment by the unappealed and unreversed decision of a single justice of this court rendered October 20, 1925, as also by the un-

reversed order of December 15, 1925.   The questions sought to be raised by the requested rulings were open to the defendant at the hearings on the petitions for mandamus, and the issues of law and fact resolved by the decision in those petitions cannot again be called in question, attacked or controlled in another action between the same parties seeking different relief based upon the same alleged facts. *Harrison* v. *Fall River, ante,* 545, and cases cited.   Disassociated from the doctrine of *res judicata,* no decision is made upon the questions of law raised by the requested rulings.   It results that the exceptions must be overruled.

*So ordered.*