## FRANKIEWICZ *v.* KONWINSKI.

1. ESCROWS—DELIVERY IN ESCROW PENDING FULFILLMENT OF CONDITION DID NOT PASS TITLE.

    Where, in anticipation of an exchange of property, papers were executed and delivered to a depositary to be held in escrow until examination could be made to determine the indebtedness against the respective parcels, which was to be limited to a certain amount, pending fulfillment of the condition and delivery by the depositary, the title did not pass.

2. SAME—DEPOSITARY AGENT OF BOTH PARTIES.

    The depositary to whom papers effecting an exchange of property were delivered in escrow, to be held by him pending fulfillment of a condition named in the contract, is the agent of both parties.

3. SAME—LOSS OF PLAINTIFF'S PAPERS BY DISAPPEARANCE OF DEPOSITARY FALLS ON PLAINTIFF.

    Where the depositary disappeared, taking with him plaintiff's paper evidence of title, his land contract and assignments, the loss falls on plaintiff, since the depositary was his agent.

4. EXCHANGE OF PROPERTY—SPECIFIC PERFORMANCE—FAILURE TO DELIVER PAPER EVIDENCE OF TITLE.

    Where, in a suit for the specific performance of a contract for exchange of property, it appears that plaintiff contracted to deliver assigned land contract, but was unable to do so because the depositary to whom he delivered it disappeared, he may not supply the defect by parol proof of title, and, therefore, not having performed on his part, may not require specific performance by defendants.

5. SAME—DOUBTFUL TITLE MAY NOT BE FORCED UPON PURCHASER.

    Doubtful title ought not to be forced upon defendants by decree in a suit for specific performance of a contract for exchange of property.

6. Same—Purchasers May Refuse To Perform Because Of Fire
    Loss Pending Delivery Of Papers.

   Where contracts for an exchange of city property for a farm
     were executed and delivered in escrow pending fulfillment of
     condition precedent, and, before delivery by the depositary
     and before either legal or beneficial interest had vested in the
     purchasers, the farm home burned, the purchasers may refuse
     to perform because of the fire loss.

Appeal from Wayne; Brennan (Vincent M.), J.
Submitted January 30, 1929. (Docket No. 98, Calendar No. 34,117.) Decided March 29, 1929.

Bill by Andrew Frankiewicz against John Konwinski and others for specific performance of a land contract. From decree for plaintiff, defendants appeal. Reversed and bill dismissed.

*Walter M. Nelson,* for plaintiff.

*Mitchell, Hospers & Golds* and *C. R. Hospers,* for defendants.

CLARK, J. Plaintiff filed bill for specific performance and had decree, from which defendants Konwinski have appealed.

Plaintiff, it is alleged, as assignee of the vendees Mr. and Mrs. Bobb in a land contract, owned a farm in Tuscola county, and chattels thereon. Both farm and chattels were mortgaged.

Appellants Konwinski, husband and wife, owned, subject to mortgage, a two-family dwelling, their home, in Wyandotte.

The parties agreed to exchange the properties, plaintiff's to be subject to mortgages not exceeding $3,050, and appellants' to be subject to mortgage of $1,800. A preliminary writing or option was made and signed on March 11, 1927, which contemplated

a formal contract within 15 days. The contract was made and executed, quoting:

"Detroit, Michigan, March 15, 1927.

"It is hereby agreed between John Konwinski and Catherine Konwinski, his wife, of Wyandotte, Michigan, and Andrew Frankiewicz, of Detroit, Michigan, as follows: The above said parties are trading their respective real estate subject to certain mortgages and chattel mortgage and balance on land contract.

"John Konwinski and Catherine Konwinski are transferring the premises known as lot No. 5, in block 313 in Hurst and Posts Sub., in the city of Wyandotte, Mich., by warranty deed subject to a mortgage of $1,800 to Andrew Frankiewicz, and he in turn again in consideration of the above is assigning his farm of 120 acres with live stock as per bill of sale and all farm implements by assignment of land contract with a balance due on it of $2,500 and a chattel mortgage of $320 on cattle on the farm known as the south ½ of the N. W. ¼ and the S. E. ¼ of N. W. of section 11, T. 11 N., R. 8 east, in the township of Vassar, Tuscola county, Michigan.

"The deed to the premises above said in the city of Wyandotte, Mich., is to lay in escrow with A. S. Lubienski, 5855 Dubois St., Detroit, Mich., after due investigation of the balance due on the farm above said, which indebtedness should not exceed $3,050; if found otherwise in 30 days from date, Andrew Frankiewicz, will pay ½ of the expenses incurred in said trade.

"John Konwinski,
"Katherina Konwinski,
"Andrew Frankiewicz,
"Joseph E. Ronkowski."

On the same day the parties agreed that the escrow agent be Ronkowski instead of the person named in the contract, and plaintiff delivered to him a bill of sale to appellants of the chattels, an assignment to

appellants of the land contract, and the land contract. As plaintiff now contends that the delivery of such documents to Ronkowski was in legal effect delivery to appellants themselves, he being their agent, we quote a paragraph of plaintiff's bill of complaint:

"8. That thereupon it was agreed and understood that the said Joseph E. Ronkowski, instead of A. S. Lubienski, should hold the said papers until the parties should be able to determine whether there were on the respective parcels of lands exchanged, any incumbrances additional to those disclosed and known to the parties."

And the allegation is established by the record.

A deed of appellants' home was also deposited with the escrow agent. The deed was signed by the husband, not by the wife, she having refused to sign until put into possession of the farm and chattels. On or near March 21, 1927, plaintiff took possession of the Wyandotte property and appellants with their children and household goods left Wyandotte and motored to the farm to learn upon arrival that the farm dwelling, valued at $2,500, and insured for but $800, had burned on March 18th, and that most of the chattels were gone from the farm. Appellants returned at once to Wyandotte and took possession of their home.

Ronkowski, depositary of the escrows, disappeared. Neither he nor the papers, except the bill of sale, could be found at the time of the trial. Plaintiff's evidence of title in himself to the land was wholly oral. Harris, owner of the fee to the farm, knew nothing of the alleged assignment by the Bobbs to plaintiff. Harris had received quitclaim deed at later date from the Bobbs and had

prosecuted to judgment against them a proceeding for possession.

Plaintiff contends that upon delivery of the papers to Ronkowski title passed. It was agreed between the parties that the papers were to be held in escrow by Ronkowski subject to condition above stated. Pending fulfillment of the condition and rightful delivery by the depositary, title did not pass. 21 C. J. p. 882; *Taft* v. *Taft,* 59 Mich. 185 (60 Am. Rep. 291). Ronkowski as depositary was the agent of both parties. 10 R. C. L. p. 633. The loss of plaintiff's paper evidence of title, his land contract and assignments, by Ronkowski's disappearance, falls upon plaintiff himself, Ronkowski being plaintiff's agent with respect to his papers, and he must bear the consequence of the default or failure of his agent. *Hildebrand* v. *Beck,* 196 Cal. 141 (236 Pac. 301, 39 A. L. R. 1076).

Plaintiff contracted to deliver assigned land contract. He has not done it. Neither is it tendered by his bill. Evidence is that plaintiff has no paper evidence of title. He sought to supply this defect by parol proof. His title may depend upon question of fact. In these circumstances, and plaintiff himself not performing, appellants will not be required to perform. *Chesebro* v. *Moers,* 233 N. Y. 75 (134 N. E. 842, 21 A. L. R. 1270). Record indicates reasonable doubt of plaintiff's title. Doubtful title ought not to be forced upon appellants by decree herein. Pomeroy's Specific Performance (3d Ed.), § 198. The question of plaintiff's title was presented to the trial court by appellants' motion to dismiss, in effect, a demurrer to the evidence.

The general rule that under an unconditional contract, when the vendor has good title and is without fault, the vendee as equitable owner must bear loss

due to destruction of real property pending contract of conveyance (22 A. L. R. p. 575, note; 27 R. C. L. p. 555) is not applicable here.

The contract above quoted recites the fact of exchange and provides for escrow, which agreement was enlarged by oral agreement as above stated. The writing together with the escrows (*Supple* v. *Wheeler*, 210 Mich. 669) does not provide for giving immediate possession. There seems to have been some parol collateral understanding respecting possession; what it was is not clear. Although there is contention on the evidence to the contrary, appellants did not have possession of the farm on March 18th, when the house burned, nor is right of possession then indicated. It was agreed that title should not vest. Mrs. Konwinski had not signed their escrow. Viewed as of March 18th, the date of the fire, the contract was upon condition precedent, and neither legal title to nor beneficial interest in the farm had vested in appellants. In these circumstances the appellants, purchasers, may refuse to perform because of the fire loss (see authorities reviewed in note 22 A. L. R. p. 584).

Decree reversed, and bill dismissed. Costs to appellants.

North, C. J., and Fead, Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred.