MARSHALL MANUFACTURING CO. *v.* BERRIEN COUNTY PACKAGE CO.

1. CONTRACTS—OFFER AND ACCEPTANCE.
    To give rise to a valid contract the acceptance must be absolute, unconditional and in every respect correspond substantially with the identical offer made.

2. SAME—MEETING OF MINDS.
    Finding of court that there was no meeting of the minds, no binding contract, with respect to bushel baskets *held*, correct where defendant offered to purchase colored baskets and plaintiff countered with an offer and shipment of plain baskets.

3. SAME—OFFER—COUNTER-OFFER—SHIPMENT.
    Failure of one who makes offer to make immediate reply to counter-offer does not preclude it from rejecting goods sent pursuant to counter-offer especially where the party who makes counter-offer does not wait a reasonable time before making shipment and incurring loss for which action is brought.

Appeal from Berrien; White (Charles E.), J. Submitted October 5, 1934. (Docket No. 108, Calendar No. 37,979.) Decided December 10, 1934.

Assumpsit by Marshall Manufacturing Company, a Texas corporation, against Berrien County Package Company, a Michigan corporation, on an alleged contract to purchase bushel baskets. Judgment for defendant. Plaintiff appeals. Affirmed.

*Charles W. Gore,* for plaintiff.

*Gore, Harvey & Fisher,* for defendant.

BUTZEL, J. In July, 1931, after some correspondence, the Berrien County Package Company, of Eau Claire, Michigan, defendant, made a purchase of bushel baskets from the Marshall Manufacturing Company, plaintiff. The negotiations culminated in defendant's order requesting the shipment of one carload of "tub" bushels and one carload of "round bottom" bushels, without designation of color. In filling this order, plaintiff called attention to the fact that the "tub" bushels it was sending had a green top hoop and also a red stave, "which is standard for us." It, however, stated that if defendant should thereafter prefer plain baskets, without any color, plaintiff could furnish them. The correspondence left no doubt but that, at least in the case of the "tub" bushels, the standard basket had a green top hoop and a red stave.

Subsequently, on Friday, September 11, 1931, at 11:00 a. m., the defendant wired the plaintiff that if $1.10 was a satisfactory price for baskets delivered at Benton Harbor, it should ship a carload of bent bottom baskets (otherwise known as "tub" bushels), without covers, immediately. The plaintiff thereupon wired in reply that it would ship that day a car of continuous stave tubs, plain hoops, no covers, at the price named. At about 2:30 p. m. of the same day, without awaiting a reply from the Berrien County Package Company, plaintiff proceeded to make shipment. Defendant's officer in charge of the negotiations testified that he left the office shortly after sending the first wire, on Friday morning; that he returned the same day after the office had been closed, and that plaintiff's telegram must have been there at that time, but that he did not see it inasmuch as he came in and went out hurriedly; that he went to Grand Rapids on Saturday, the following day, and did not see the telegram

until Monday, upon which he immediately wired plaintiff that defendant would positively not accept the baskets. However, the baskets had already been shipped the previous Friday. Plaintiff claims that it was too late to divert the shipment when defendant's wire was received; that it could not dispose of the baskets when they arrived at Benton Harbor, and that they were finally sent to St. Louis and sold at a loss of $523.20. Plaintiff seeks to recover its loss from defendant in the present action.

The questions presented are whether there was a contract between the parties upon which their minds met, or whether there was simply an offer by defendant and a counter-proposal by plaintiff, and if there was a counter-proposal, whether defendant's failure to reply until three days after such proposal was made constituted an acceptance. It is elementary that in order to give rise to a valid contract the acceptance must in every respect correspond substantially with the identical offer made. The acceptance must be absolute and unconditional, and if conditions are attached or if it differs from the offer, the transaction amounts only to a proposal and a counter-proposal. *Eggleston* v. *Wagner,* 46 Mich. 610; *Guyan Coal & Coke Co.,* v. *Wholesale Coal Co.,* 229 Mich. 257. Defendant's manager testified that it could not use plain baskets, that its order of September 11th was one for colored baskets, and that in placing such order it relied on the previous correspondence and plaintiff's representation that the colored baskets were its standard basket. In view of the previous correspondence, defendant had every reason to believe, when it ordered "bent bottom" bushels by its wire of September 11th, that it would receive baskets with green top hoops and red staves, which plaintiff had previously represented in writing to be its standard

basket. The very fact that plaintiff wired the defendant in reply that it proposed to send plain baskets indicates that it understood that it was not sending its standard basket. The trial judge correctly held that the minds of the parties did not meet, and that there was no binding contract.

We need not discuss plaintiff's claim that inasmuch as defendant's order requested immediate shipment, plaintiff could assume an acceptance of its counter-offer when it did not receive an immediate telegraphic reply, and that defendant's failure to reply to the telegram until Monday morning therefore precluded it from rejecting the counter-offer. Defendant's first offer was sent at 11:00 a. m. on September 11, 1931. Plaintiff's counter-proposal was sent the same morning. At 2:30 on the same day plaintiff, without awaiting a reply to its counter-proposal, loaded the baskets for shipment. Even assuming that there is any merit to plaintiff's claim, it did not wait a reasonable length of time for a reply before making the shipment, and there is no showing that it was in any manner damaged through the alleged breach of duty by defendant in neglecting to reply to the telegram until the following Monday.

The judgment for defendant is affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL and EDWARD M. SHARPE, JJ., concurred.