SLESINGER v. WILLEKE.

1. ESCROWS—CERTIFICATE OF DEPOSIT—DELIVERY—PASSING TITLE.
   Title to certificates of deposit, delivered to escrow agent to be used for a special purpose, does not pass until so used.

2. SAME—SHRINKAGE IN VALUE—LOSS OF MORTGAGOR.
   Certificates of deposit, the amount of which was included in mortgage and note executed to trust company, indorsed and left with it in escrow for purpose of meeting payments for first three years *held*, property of mortgagor, in foreclosure proceedings by assignee of mortgagee, hence loss through shrinkage in value of certificates must be borne by mortgagor notwithstanding assignee took with knowledge of the escrow agreement.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 5, 1935. (Docket No. 103, Calendar No. 38,373.) Decided May 17, 1935. Rehearing denied September 10, 1935.

Bill by Helen S. Slesinger, as successor trustee under the will of Philip Joseph, deceased, against Leonard B. Willeke and wife to foreclose a mortgage. Cross-bill by defendants against plaintiff for reformation of mortgage and mortgage note. Decree for plaintiff. Defendants appeal. Affirmed.

*Everett H. Wells,* for plaintiff.

*John McNeil Burns* (*Cyril E. Bailey,* of counsel), for defendants.

NELSON SHARPE, J. On July 28, 1932, Leonard B. Willeke, hereafter called the defendant, and his wife

executed and delivered to the Union Guardian Trust Company of the city of Detroit a mortgage on certain real estate described therein for the sum of $9,000, payable $270 on February 1, 1933, and a like amount on the first day of every August and February thereafter until the first day of February, 1937, and the balance on August 1, 1937, with interest thereon at the rate of six per cent. per annum, payable semi-annually on the first days of February and August in each year. The note secured by the mortgage contained similar provisions as to payments.

On the same day an agreement was entered into between the defendant and the trust company and the trust company as an escrow agent which, after stating that the trust company had agreed to loan the defendant the sum of $9,000, secured by a mortgage on the real estate described therein, and that the loan was to be made on condition that the defendant deposit with the trust company as escrow agent a sum "sufficient to meet the requirements of said mortgage note both for principal and interest during the first three years thereof," provided that the defendant herewith deposits with the trust company as escrow agent six separate certificates of deposit issued by the trust company in the amounts which would be due upon the note and mortgage in the years 1933, 1934, and 1935, and authorizes the trust company as escrow agent to apply said certificates of deposit in the payment thereof. The certificates were to bear interest, payable by the trust company as escrow agent. It also contained a provision reading as follows:

"It is also agreed that in the event said mortgagor, the undersigned Leonard B. Willeke, pays said mortgage note in full before all of said cer-

tificates of deposit are applied to payments of principal and interest on said mortgage as above provided, that any remaining in the hands of the escrow agent will be forthwith paid to said Leonard B. Willeke with interest as aforesaid, upon his request so to do."

On January 17, 1933, the trust company assigned the note and mortgage to itself as trustee under the will of Philip Joseph, deceased. On October 20, 1933, the trust company as trustee assigned the mortgage to the plaintiff, who had been appointed successor trustee by the probate court of the county of Ingham, wherein said estate was being administered. It is conceded that she at that time had full knowledge of the provisions in the escrow agreement. The defendant testified that he was first informed of the assignment to the plaintiff about the first of December, 1933.

A certificate of deposit was used to meet the payment of principal and interest due on February 1, 1933. On March 23, 1933, George B. Kirchner was appointed conservator of the trust company under the law providing therefor, and he was acting as such at the time of the hearing in the circuit court.

On January 2, 1934, the plaintiff filed the bill of complaint herein to foreclose the mortgage. She alleged therein that there was $8,730 and interest from the first day of February, 1933, due thereon. The defendants in their answer denied that plaintiff is entitled to the relief sought, and by cross-bill allege that the amount actually loaned them was but $5,877, and ask that the mortgage and note be reformed to so state.

The trial court stated the issues to be "who is the owner of the certificates of deposit and who must

stand the loss of their shrinkage in value." He found that they were the property of the defendant, Willeke, and entered the usual decree of foreclosure for plaintiff, from which the defendants have taken this appeal.

The defendant is an architect by profession. He secured the loan to make payment on a land contract in which he was the vendee. The money paid thereon and the expenses connected with the loan and the certificates for $3,123 issued by the trust company, amounted to the sum of $9,544.94, of which he then paid the trust company $544.94. The purpose of the defendant in entering into this unusual transaction is apparent. He desired to pay off the amount due on the land contract, but was unwilling to assume any liability for payments of either principal or interest for three years thereafter. To that end the payments of principal and interest under the note and mortgage for each of the first three years were computed and six certificates of deposit issued to him therefor and indorsed by him and deposited with the trust company as an escrow agent to be turned over to itself as mortgagee when the payments became due and then credited on the note and mortgage.

Had a third party been named and acted as escrow agent, there would seem to be no question but that the certificates would have been delivered to him to be used for a special purpose and, until so used, they would have belonged to the defendant. *Muirhead* v. *McCullough,* 234 Mich. 52; *Frankiewicz* v. *Konwinski,* 246 Mich. 473.

Unfortunately, the trust company here sought to act as mortgagee and as escrow agent. This the defendant well understood, and the arrangement

was doubtless so made to avoid the publicity, and perhaps the expense, of securing the services of a third party.

The provision in the escrow agreement above quoted under which the defendant, if he at any time made full payment on the note and mortgage, was entitled to have any unpaid certificates forthwith paid to him, indicates quite clearly that they were to be considered as his property until used as therein provided for.

The defendant did not pay cash for the certificates when issued to him. The amount thereof was included in the note and mortgage. Had he sold the property subject to the mortgage and assigned his interest in the escrow agreement, title to the certificates would have passed to the purchaser thereby and credit therefor could have been enforced by him as provided for in the agreement.

In our opinion the trial court reached the right result. Other questions discussed do not merit consideration.

The decree is affirmed, with costs to the plaintiff.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.