THOMAS *v.* LEDGER.

1. DEEDS—FRAUD—EVIDENCE.

Record *held*, sufficient to sustain holding of trial judge that defendant fraudulently obtained deed from aged, illiterate and inexperienced plaintiffs without direct money consideration after mortgage had been foreclosed against them and they were in default under agreement with mortgagee leaving them in possession for a year upon payment of a specified sum monthly, by misrepresenting to grantors that he would aid them in securing new loan and that deed was for their protection.

2. VENDOR AND PURCHASER—OPTIONS—ACCEPTANCE—ABSTRACT.

Option as to farm which did not provide for furnishing an abstract of title *held*, not effectively accepted by offeree where his acceptance was coupled with demand for an abstract.

3. CONTRACTS—OFFER AND ACCEPTANCE.

In order to have a meeting of the minds essential to formation of a contract acceptance of the offer must be substantially as made; there must be no variance between acceptance and the offer, the presence of a variance ending the negotiation unless original offeror assents to the modification.

4. DEEDS—FRAUD—DAMAGES.

Grantors in possession of premises after expiration of equity of redemption under an agreement with mortgagee extending period of redemption on payment of a specified sum monthly *held*, to have interest sufficient to maintain suit to set aside deed purporting to terminate possessory rights.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 11, 1935. (Docket No. 58, Calendar No. 38,583.) Decided December 10, 1935. Rehearing denied January 31, 1936.

Bill by Paul Thomas and wife against Harry Ledger to set aside a deed and an agreement and for

other relief. · Cross-bill by defendant against plain-
tiffs and Kazimierz Haraburda and Glenn Clark for
an accounting and other relief. Cross-bill by cross-
defendant Clark against plaintiffs and cross-defend-
ant Haraburda to enforce an option and for other
relief. Decree for plaintiffs. Defendant and cross-
defendant Clark appeal. Affirmed.

*Sigmund S. Zamierowski,* for plaintiffs.

*Pleasant I. Phillips,* for defendant.

*Joseph E. Arsulowicz,* for cross-defendant Hara-
burda.

*Horace T. Barnaby,* for cross-defendant Clark.

NORTH, J.. Plaintiffs, being the owners of a 180-
acre farm located in Kent county, gave a mortgage
to defendant, Kazimierz Haraburda. This mort-
gage was foreclosed and the period of redemption
expired. Substantially a month after the expiration
of the period of redemption the mortgagors and the
mortgagee entered into a stipulation or an agree-
ment whereby the period of redemption was ex-
tended from month to month "not to exceed the pe-
riod of one year" from the date of the agreement,
such extension being upon the condition that the
mortgagors should pay to the mortgagee $15 per
month during each of the first three months and $20
per month thereafter. It provided that in default of
a monthly payment the mortgagors were to vacate
the premises. The agreement contained the fol-
lowing:

"It is hereby stipulated and agreed that this ex-
tension of redemption is given to said defendants to
enable them to procure a loan, application for which
is now pending and that the same is done in accord-

ance with the mortgage moratorium law,* so-called, of Michigan and to avoid the necessity of filing petitions therefor and having a hearing thereon in court.''

Plaintiffs defaulted in a monthly payment and thereupon the mortgagee instituted proceedings before a circuit court commissioner. He claims that such proceeding was instituted solely for the purpose of obtaining possession of the property against which his mortgage had been foreclosed, and not for the purpose of collecting as rent the sums plaintiffs had failed to pay as provided in the above noted agreement. While plaintiffs' affairs were in this condition, they were approached by defendant, Harry Ledger. Negotiations between these parties resulted in plaintiffs' deeding the 180-acre farm without direct money consideration to Ledger and taking back from him a lease under which plaintiffs could remain upon the farm for one year as croppers. Plaintiffs, claiming that Ledger induced them by fraud and deceit to convey the property to him, filed the bill of complaint herein praying that the transaction be set aside.

Ledger, in his answer to plaintiffs' bill of complaint, denied the alleged fraud and deceit; and by his cross-bill asked to have the deed and lease held to be valid instruments. Also by his cross-bill he made the mortgagee, Haraburda, a party defendant. As against this cross-defendant Ledger set forth that he had appeared in the proceedings before the circuit court commissioner and made tender of the amounts which Haraburda claimed were due him by reason of the monthly payments under the agreement as to which plaintiffs were in default. The tender was refused. However, Haraburda, claim-

---

* Act No. 98, Pub. Acts 1933, as amended.—Reporter.

ing he acted at the solicitation and really in behalf of Ledger, gave an option for the purchase of the mortgaged property for the sum of $2,600 to defendant Glenn Clark, who is Ledger's son-in-law. Because of this outstanding option Ledger also made Clark party defendant in his cross-bill. This latter cross-defendant answered and also filed a cross-bill against Haraburda in which he asserted the validity and the acceptance of the option given to him and sought specific performance thereof. Both plaintiffs and Haraburda claim the option was procured through Ledger's false representation that it was being obtained for the benefit and protection of plaintiffs.

After hearing testimony in open court the trial judge found plaintiffs' allegations of fraud sustained and granted the relief sought by plaintiffs. The trial judge further found that Clark held the option for his father-in-law, the defendant, Ledger, and that the same was obtained from Haraburda by misrepresentation and therefore unenforceable in favor of either Ledger or Clark. From the decree entered in plaintiffs' favor defendants Ledger and Clark have appealed.

The record discloses that the 180-acre farm is worth at least $5,000. If, as he claims, Ledger as the grantee of plaintiffs was vested with the right to redeem from the foreclosure he could get the property at an expenditure of about $2,000. It is plaintiffs' theory that Ledger, thinking he might not be entitled to redeem, obtained the option in the name of his son-in-law, Clark, to purchase the property for $2,600. Under plaintiffs' theory, if Ledger succeeded in carrying out his plans either by redeeming the property or by exercising the option he would obtain the farm at much less than its actual value;

and that he sought to do this by fraudulently obtaining from plaintiffs a conveyance of their rights.

Plaintiffs claim that while they were in straightened circumstances financially Ledger falsely represented to them that he was financially able to advance to them the necessary funds with which to preserve their right to redeem from the foreclosed mortgage and that he was prompted to do so because of his desire to enable them to preserve their rights in the property until such time as the mortgage loan could be refinanced; that in order to do this and to properly protect plaintiffs' rights in the suit pending in the commissioner's court it would be necessary for them to convey the property to him, which they did. Plaintiffs also assert that he falsely represented to them that he could and would materially aid them in securing a Federal Land Bank loan, but instead he sought to prevent them from obtaining the loan with which to redeem their property. Plaintiffs now claim that Ledger's subsequent conduct discloses that at the time he induced them to convey the property to him he had no intention whatever of consummating the transaction for the purposes above indicated but instead by his false representations he induced plaintiffs to deed their property to him. Plaintiffs, Mr. and Mrs. Thomas, are respectively 93 and 72 years of age, apparently inexperienced in business matters, neither being able to read or write. A detailed recital of the testimony would be to no purpose. The trial judge saw the respective parties and heard them testify. The record is sufficient to sustain the holding of the trial judge that the defendant, Ledger, did fraudulently obtain from plaintiffs a conveyance of their rights in the 180-acre farm. His decree vacating the deed and dismissing the cross-bill of defendant, Ledger, should be and is affirmed.

Likewise the decree, wherein it is provided that the cross-defendant, Clark, has no right, title or interest in and to the farm premises by reason of his alleged option, should be affirmed. Decision on this phase of the case might well have been placed solely upon the optionee's failure to unconditionally accept the terms of the option within the 10 days provided therein as the limit of the life of the option. Cross-defendant, Clark, claims that he did accept the terms of the option in writing within the time limited. But the record discloses that he did not unconditionally accept. Instead he included in his acceptance a demand that the giver of the option "furnish a warranty deed free and clear of all incumbrances and taxes as well as an abstract." The option did not provide for the furnishing of an abstract. The acceptance of the option, not being unconditional, was wholly ineffective, and the option expired by its own terms at the expiration of the time limited therein.

"In order that there may be a meeting of the minds which is essential to the formation of a contract, the acceptance of the offer must be substantially as made. There must be no variance between the acceptance and the offer. Accordingly a proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested." 6 R. C. L. p. 608, citing numerous cases including *Wardell* v. *Williams,* 62 Mich. 50 (4 Am. St. Rep. 814).

See, also, *Guyan Coal & Coke Co.* v. *Wholesale Coal Co.,* 229 Mich. 257; *Supple* v. *Wheeler,* 210 Mich. 669.

In behalf of appellant, Ledger, it is urged that plaintiffs are not entitled to relief because they have

not established that they sustained any damage as the result of the alleged fraud. Under the facts in this case this contention cannot be sustained. Plaintiffs were in possession of the farm property, and at the very least they had possessory rights which the deed obtained from them by Ledger purported to terminate.

The decree entered in the circuit court is affirmed. Appellees will have costs against appellants.

POTTER, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.