No. 444190

**BENJAMIN KOROLICK**
**v.**
**ARNOLD S. DANE**

(October 4, 1957 — January 10, 1958)

*Present:* GILLEN, J. (PRESIDING), LEWITON AND ROBERTS, JJ.

Case tried to ADLOW, C. J., in the Municipal Court of the City of Boston.

*Gillen, J.* This is an action of contract to recover a portion of escrow funds deposited with the defendant.

*At the trial there was evidence that* the plaintiff and the Eaton Realty Corporation entered into an agreement for the construction and sale of a house. When papers were to be passed on said house the plaintiff refused to pay the purchase money unless a certain part of said money, to wit: $1,200.00, was withheld to insure completion of the contract.

By agreement of the plaintiff and Eaton Realty Corporation $1,200.00 was put in escrow with the defendant on January 24, 1955. Later, the Eaton Realty Corporation did certain work in fulfillment of its agreement.

On or about July 8, 1955 the plaintiff brought an action against the Eaton Realty Corporation for not completing its contract. In his declaration in that action the plaintiff claimed damages for (1)

failure to build according to a written agreement and specifications in which the plaintiff listed seventeen items allegedly not done in accordance with the original agreement; (2) conversion of top-soil; (3) failure to do additional grading and seeding as agreed by the parties; (4) deceit.

The trial judge in that action found that the plaintiff failed to prove his claims of improper or incomplete performance of the original agreement, and further found for the defendant on the issue of conversion of the top-soil. He found the defendant (Eaton Realty Corporation) had not done the grading and seeding as agreed and awarded the plaintiff damages of $450.00 for this item. He found for the defendant on the issue of deceit.

Thereafter the Eaton Realty Corporation satisfied the judgment and the defendant in the instant case paid over the money held in escrow by him to the Eaton Realty Corporation.

In the instant action the plaintiff claims that certain work which was to have been completed under the escrow agreement has not been finished. The defendant (escrow custodian), set up a defense of *res judicata*. The trial judge found for the defendant on this issue.

The plaintiff's requests for rulings with the action of the trial judge thereon [in italics] are here set forth:

1. The depositor may sue the depositary for return of the deposit on non-performance of the conditions by the obligee without joining the latter as a party defendant. *Yes.*

2. The depositary's authority is to be strictly construed, and not extended beyond that which is given in terms or is necessary and proper to carry the authority given into full effect. *Yes.*

3. Part performance has no effect on the status of the instrument; an entire performance of the condition is necessary. *Yes.*

4. If the depositary disposed of the funds held in escrow without compliance with the conditions of the deposit, he is liable to the depositor for damages suffered thereby. *Yes.*

5. The judgment in the case of Benjamin Korolick v. Eaton Realty Corporation is not res judicata since the parties in this case are not the same, and the defendant is not in privy with Eaton Realty Corporation. *It is res judicata as to any claims Korolick might have against Eaton Realty Co.*

6. The damage to the plaintiff is the amount of money held by the defendant under an escrow agreement. *Immaterial. I find that the defendant has disposed of funds held under escrow agreement in accordance with disposition made by court in case of Korolick v. Eaton Realty Co.*

7. The evidence warrants a finding for the plaintiff. The plaintiff claims to be aggrieved by the court's ruling on his requests No. 5 and No. 6 and failure to rule on request No. 7.

In *Hopkins v. Holcombe,* 308 Mass. 54, the court said, "the principle of *res judicata* cannot apply unless the previous action (a) was between the same parties or their privies, (b) touched a subject matter involved in both actions and (c) was decided against the party attempting to litigate the same subject matter again."

We think the trial judge in the instant case was correct in concluding that the same subject matter was involved in both actions, namely, (1) the question of the proper and complete performance by the Eaton Realty Corporation of its original agreement with respect to the building and grounds, and (2) the proper performance by said corporation of its subsequent agreement to do additional grading and seeding; consequently, if the requisite privity existed between the parties the defense of *res judicata* was properly sustained.

There is sufficient privity between the defendant in his capacity as the holder of the money placed in escrow and the parties to support the action of the defendant in his handling of the money in escrow.

We have found no Massachusetts case that covers this situation but public policy and necessity would seem to demand that where both parties agree upon an escrow custodian, that the relationship of the latter to them is more than a mere stranger and in reality the custodian is a partaker and has a part and interest in the action.

One of the bulwarks of the law upon which the doctrine of *res judicata* is founded is "the interest of the state that there should be an end of litigation."

And public policy and necessity demands that the law should recognize the escrow custodian as a privy. *Shreeves v. Pearson*, 194 Cal. 699; *Wilder Grain Co. v. Felker*, 296 Mass. 177, 180; *Gladstone v. Murray*, 314 Mass. 584.

In *Squire v. Branciforti*, 131 Ohio State 344 — in speaking of an escrow custodian the court said: "The law is not in complete harmony as to whether the depositary is an agent or trustee. We are inclined to the belief that he is both; agent, so far as specific personal duties are to be performed, and trustee insofar as the funds placed in his hands are concerned."

There is great weight of authority that the escrow holder or custodian on consummation of the contract is generally considered the agent of both parties. *Ullendorf v. Graham*, 80 Fla. 845; *Frankiewicz v. Konwinski*, 246 Mich. 473; *Krener v. Union Nat. Bank*, 276 Pa. 201.

"Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved

in the action as if they were parties." Restatement, Judgments, §83.

It is clear that an escrow custodian is a privy.

We find no error in the treatment of requests numbered 5 and 6.

 As to request No. 7, the plaintiff complains that the trial judge did not act on the request, but it has been long established that failure to specifically act on a request is tantamount to a denial so the trial judge in effect acted on it. *Redfield v. Abbott Shoe Co.*, 333 Mass. 551.

The order is: *Report dismissed.*

Michael Needle and Benjamin Korolick, both of Boston for the plaintiff cited *Crompton v. Lumbermen's Mut. Ins. Co.*, 334 Mass. 207, as to privity of parties, and *Cote v. N.E. Nav. Co.*, 213 Mass. 177 as to identity of cause of action, and *Bresnick v. Heath*, 292 Mass. 293 as to failure of the trial judge to rule upon his request that the evidence *warranted* a finding in his favor.

Arnold S. Dane, of Boston, for the defendant cited *Siegel v. Knott*, 318 Mass. 257, 262 and *Liberty Mut. Ins. Co. v. Hathaway Baking Co.* as to *res judicata* and *estoppel by judgment* of matters which were and could have been litigated in prior case; also — *Hacker v. Beck*, 325 Mass. 594, 596; *Olsen v. Fall River*, 257 Mass. 556, 559; *Harrison v. Fall River*, 257 Mass. 545, 549; *Kingsley v. Davis*, 104 Mass. 178; 12 B.U. Law Rev. 251.