BOARD OF GOVERNORS OF WAYNE STATE UNIVERSITY v
BUILDING SYSTEMS HOUSING CORPORATION

1. Judgment—Summary Judgment—Appeal and Error—Presumptions—Allegations.

   Appellate courts reviewing the grant of a summary judgment for the defendant in a civil action assume that every well-pleaded allegation in the plaintiff's complaint is true and consider these allegations in a light most favorable to the plaintiff.

2. Contracts—Offer and Acceptance—Contingency—Notice.

   An owner's acceptance of a bid offer to enter a construction contract was not effective to bind the parties where the acceptance was made contingent upon the owner's ability to arrange the sale and delivery of bonds necessary to finance the project and the bidder had no notice of such qualifications in any of the information furnished prior to the acceptance.

3. Contracts—Offer and Acceptance—Unconditional Acceptance—Variance—Rejection.

   An offeree's acceptance, to establish a valid contract, must substantially correspond with the offer made and be absolute and unconditional; if conditions are attached or the acceptance contains terms varying from the offer, it is a rejection of the offer and the transaction amounts only to a proposal and a counter-proposal.

4. Contracts—Acceptance—Form—Conditions—Delay—Hardship.

   An acceptance of a contract offer which imposes conditions that are not mere formalities and that could result in considerable delay and financial hardship on the offeror is not valid.

5. Principal and Surety—Liability—Agreement—Unambiguous Terms.

   The liability of a surety is limited by the scope of the liability of

References for Points in Headnotes
[1] 73 Am Jur 2d, Summary Judgment §§ 35, 40.
[2] 17 Am Jur 2d, Contracts § 32.
[3] 17 Am Jur 2d, Contracts § 147.
[4] 17 Am Jur 2d, Contracts §§ 56, 58, 59, 61.
[5] 74 Am Jur 2d, Suretyship §§ 24–33.

the principal and the precise terms of the surety agreement, and the surety may insist upon compliance with unambiguous terms of the surety contract which place conditions and limitations on the surety's liability.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 May 13, 1975, at Detroit. (Docket No. 20196.) Decided June 10, 1975.

Complaint by the Board of Governors of Wayne State University against Building Systems Housing Corporation and American Insurance Company for damages for breach of contract. Judgment for defendants. Plaintiff appeals. Affirmed.

*Byron H. Higgins,* for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *James K. Robinson* and *Peter M. Alter),* for defendants.

Before: T. M. BURNS, P. J. and M. F. CAVANAGH and O'HARA,* JJ.

M. F. CAVANAGH, J. The plaintiff of a breach of contract action, Board of Governors of Wayne State University (hereafter the "University"), appeals from the grant of a summary judgment in Wayne County Circuit Court in favor of the defendants Building Systems Housing Corporation (hereafter "Building Systems") and American Insurance Company.

In May of 1972 the board of governors of the University authorized the construction of a 257-unit apartment structure to be built on the campus. Bids were solicited and received. The scheduled closing time for receiving bids was 2 p.m., July 25, 1972. The defendant Building Systems

_____

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

submitted the low bid of $4,824,000. In accordance with the plaintiff's advertisements, Building Systems submitted a surety bond executed by American Insurance Company in the amount of five percent of the bid.

The bid provided, in pertinent part:

(a) "The bidder understands that the Owner reserves the right to reject any or all bids and to waive any informalities in bidding.

(b) "The bidder agrees that this bid shall be good and may not be withdrawn for a period of thirty calendar days after the scheduled closing time for receiving bids.

(c) "Upon receipt of written notice of acceptance of this bid, bidder will execute the formal contract attached within ten days and deliver a surety bond or bonds as required by Paragraph 29 of the General Conditions."

On August 10, 1972, the board of governors passed a resolution awarding the general contract to Building Systems "subject to review and concurrence by the Department of Housing and Urban Development (HUD), and to the sale and delivery of bonds * * * ". That same day a letter was sent to Building Systems informing it of the board's decision including the two conditions. The letter stated further:

"As soon as the University receives approval from the Department of Housing and Urban Development in the award of this contract, we will be in touch with you to make the final arrangements for executing the necessary contract documents."

Although Building Systems advertised for the submission of subcontractor bids, it thereafter decided not to continue with the project. By a letter dated August 30 and received August 31, 1972,

Building Systems informed the board that it was withdrawing its bid "pursuant to the terms of the bid proposal and the advertisement for bidders". The letter concludes:

"Since more than 30 calendar days have passed since the submission of the bid, and since the contract was not unconditionally approved nor executed, we are exercising our rights under the bid procedures to withdraw our bid."

At that time, the University had not received approval of defendant's bid from HUD.

Thereafter, the plaintiff almost immediately informed Building Systems that it considered the corporation's conduct to be an anticipatory breach of the contract. On September 8, 1972, the board awarded the general contract to the second lowest bidder for $5,090,000. Subsequently, the University demanded payment from defendants of $266,000 damages measured by the difference between the defendant's bid and that of the next lowest bidder. Upon a refusal to pay, the plaintiff instituted this suit. On April 19, 1974, the trial court entered an order granting final summary judgment in favor of the defendant surety, American Insurance Company, and partial summary judgment in favor of defendant Building Systems. From this order, plaintiff appeals.

The plaintiff contends that the trial court erred in granting summary judgment because there were genuine issues of material fact[1] and because

---

[1] The defendants' motion for partial summary judgment was ostensibly brought under GCR 1963, 117.2(1) which tests the legal sufficiency of the plaintiff's complaint. For the purpose of a motion under 117.2(1), a court must assume every well-pleaded allegation in the complaint to be true and determine whether the pleadings state a legally valid claim. *Blades v Genesee County Drain District No 2,* 375 Mich 683; 135 NW2d 420 (1965). In its answer to the motion, however, plaintiff argued, *inter alia,* that there existed genuine issues as to

the defendant surety was not entitled to a judgment as a matter of law. Plaintiff theorizes that when the University informed Building Systems of the contract award, a "preliminary construction contract" was formed. The University's acceptance was unconditional since the conditions of HUD approval and the sale and delivery of financing bonds had been stated in the bid invitation, specifications, and conditions. The plaintiff's claim is that the bid was an offer impliedly proposing that the offeree (the University) make a conditional promise as part of its acceptance. This preliminary contract contemplated the execution of a subsequent formal contract between the parties. Thus, plaintiff contends that the "withdrawal" of Building Systems' bid was actually a breach for which the appellee American Insurance Company as suretor was also liable.

The defendant surety naturally has a considerably different way of looking at the transaction. First, there were no genuine issues of material facts. Building Systems, as the bidder, offered to perform work for the University and to keep its offer open for 30 days. The University "accepted" the offer subject to the concurrence of HUD and the preparation and sale of bonds to finance the work. This conditional acceptance, since it was not identical to the offer, amounted to a counteroffer and had the effect of rejecting the bidder's offer. After 30 days had elapsed but before either of the two conditions had been met, Building Systems revoked its offer. Defendant contends that there

material facts. The basis of the trial court's decision in this regard is not stated. We assume that the motion was granted under rule 117.2(1) and thus gives the plaintiff the benefit of the presumption that if factual development of its complaint could have established a legally sufficient claim, the grant of the motion was erroneous. *See Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972).

was nothing in the preliminary documents which the University made available to all bidders to indicate that the two conditions were to be attached to an acceptance.

The trial court adopted the defendant surety's legal theory and granted summary judgment in its favor. According to the court's review of the records, the bidding documents contained no information indicating that the bid was to be conditioned on the two above-stated events. As a result, the defendant's acceptance was conditional and Building Systems was not bound by a preliminary contract when it made a timely withdrawal of the bid.

It is axiomatic that appellate courts reviewing the grant of a summary judgment for the defendant assume that every well-pleaded allegation in the plaintiff's complaint is true and consider these allegations in a light most favorable to the plaintiff. *Bielski v Wolverine Insurance Co,* 379 Mich 280, 283; 150 NW2d 788 (1967).

Since no Michigan appellate court appears to have passed on a situation similar to that of the present case, both parties primarily utilize Federal cases. Plaintiff relies extensively upon *United States v National Optical Stores Co,* 407 F2d 759 (CA 7, 1969). In that case, the Federal government brought an action for the defendant's alleged failure to perform under a contract to purchase surplus property. Included in the bid information provided to the defendant were the terms that the sale would be subject to antitrust clearance by the Attorney General and to a credit approval by the General Services Administration. After acceptance of the defendant's bid and within the allotted time limit, the defendant attempted to withdraw its bid by relying on the conditional nature of the government's acceptance.

The Court held that the government's "notice of acceptance" was not a counteroffer but a genuine acceptance based on the mutual assent of the parties. Both the defendant and the lower court in the present case distinguish *United States v National Optical Stores Co,* on the ground that in that case the invitation to bid contained the express antitrust and credit data conditions.

The watershed question before this Court is whether it was contemplated by the defendant Building Systems that inherent in its bid was the promise to abide by the conditions of HUD approval and the sale of financing bonds. We have carefully reviewed the numerous documents in this case and have not discovered any express statements which would inform a prospective bidder of at least one of these conditions. The fact that each bidder was required to submit certain HUD forms concerning affirmative action programs and other matters probably conveyed the implication that HUD must approve the awarding of the contract.[2] However, nowhere in any of the information furnished to the bidders does there appear the qualification that the award is subject to the sale and delivery of bonds necessary to finance the project. For this reason, we conclude

[2] The plaintiff asserts that there exists a genuine issue as to whether or not the defendant Building Systems was aware at the time it submitted a bid of the conditions stated by the University's acceptance letter. We assume for purposes of testing the legal sufficiency of plaintiff's complaint that Building Systems was aware of the requirement of the Department of Housing and Urban Development approval. The first supplement to the affirmative action requirements document states that it was required prior to the final acceptance of the bid that HUD approve the written affirmative action programs. This supplement is incorporated by reference into the notice of special conditions which was one of numerous documents available to bidders. However, nowhere in the complaint, the voluminous exhibits, or even the trial and appellate briefs, does there appear the allegation that the defendant was aware of the condition that acceptance was subject to the sale and delivery of the necessary financing bonds.

that the trial court's distinguishing of *United States v National Optical Stores Co,* was correct.

Likewise, *Crenshaw County Hospital Board v St Paul Fire and Marine Insurance Co,* 411 F2d 213 (CA 5, 1969), is inapposite. In that case an unconditional acceptance was held to have been given to the successful bidder in spite of the fact that the project had to be approved by other Federal agencies. The Court held that this requirement was a mere "formality" in the circumstances of the case and that the acceptance, under Alabama law, was unconditional.

In contrast to these two cases, both the defendant and the lower court rely upon *Peerless Casualty Co v Housing Authority of the City of Hazelhurst,* 228 F2d 376 (CA 5, 1955). Like *Crenshaw County Hospital Board,* the bidder in *Peerless* sought to withdraw his bid because of a calculation mistake. The housing authority "accepted" the bid subject to the approval of the Public Housing Administration. The Court held that the timely withdrawal of the bid after this "acceptance" was proper since there had been no unconditional acceptance. For that reason, there was no liability in the defendant surety. See also *Lexington Housing Authority v Continental Casualty Co,* 210 F Supp 732 (W D Tenn, 1962).

The present case is not a "mistake" case in which the bidder seeks to withdraw his offer on equitable principles. However, we find the logic of *Peerless* to be in accord with basic contract principles in this state. In order to establish a valid contract, the offeree's acceptance must:

"in every respect correspond substantially with the identical offer made. The acceptance must be absolute and unconditional, and if conditions are attached or it differs from the offer, the transaction amounts only to a proposal and a counter-proposal." *Marshall Manufac-*

*turing Co v Berrien County Package Co,* 269 Mich 337, 339; 257 NW 714 (1934).

A proposal to accept an offer which contains terms varying from that of the offer is a rejection of the offer. *Thomas v Ledger,* 274 Mich 16, 21; 263 NW 783 (1935).

The situation in *Kutsche v Ford,* 222 Mich 442, 446; 192 NW 714 (1923), differed from the present case since in *Kutsche* after acceptance of the bid, " 'nothing remained to be done beyond reducing the same to form strictly in accord with the accepted offer' ". *Kutsche* was also another "mistake" case. Here the parties were required to wait for HUD approval and for the successful completion of a bond financing campaign. Both of these conditions could have resulted in considerable delay and financial hardship on the general contractor. It should be recognized also that the sale of bonds was a matter firmly within the control of the University.

The liability of a surety is limited by the scope of the liability of its principal and the precise terms of the surety agreement. *Warner v Fallon Coal Mines Co,* 246 Mich 493, 499; 224 NW 601 (1929). See also MCLA 566.132(2); MSA 26.922(2). The surety may insist upon compliance with unambiguous terms of the surety contract which place conditions and limitations on the surety's liability. *Doyle v Faust,* 187 Mich 108, 118; 153 NW 725 (1915). *Grasser & Brand Brewing Co v Rogers,* 112 Mich 112, 113; 70 NW 445 (1897).

The surety contract provided for the termination of the surety's responsibility if the bid should be rejected or if the bid was accepted and a formal contract was executed. Since we conclude that the offeree's acceptance was conditioned upon, at the least, the sale and delivery of financing bonds, this, under the dictates of *Marshall Manufacturing*

*Co* and *Thomas, supra,* constituted a counter-proposal and thus a rejection.[3]

For these reasons, the withdrawal of its bid by Building Systems was proper, and neither it nor its surety, American Insurance Company, were liable to the University. The decision of the trial court ordering partial summary judgment in favor of defendant Building Systems Housing Corporation and final summary judgment in favor of defendant American Insurance Company is affirmed. Costs to defendants.

---

[3] It could be soundly argued that the University's letter of August 10 which "accepted" the bid subject to the conditions was not a counteroffer, but merely deferred the time when acceptance should take effect. This is the construction adopted by the Fifth Circuit in *Peerless.* The theory is that there is no counteroffer since the owner did not assent to enter into an immediate bargain. Williston terms this an "acceptance in escrow" and states that during such a period either party may withdraw from the bargain. 1 Williston on Contracts (3d ed), § 77A, p 256. Whether or not this argument is more applicable than the more traditional conditional acceptance-rejection analysis, it is not necessary for us to decide. Even under the Williston theory, the bidder could withdraw his offer if it was done, as in the present case, in a timely manner. Since the surety's liability cannot extend beyond its principal, the American Insurance Company was properly granted a summary judgment—even though the surety contract did not expressly provide for this contingency.